## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **INDICTMENT**

**ATHARVA SATHAWANE**
  **a/k/a "Andy Sathawane"**                1:25 CR12 AW/ML
_____/

**THE GRAND JURY CHARGES:**

### COUNT ONE

### A. THE CHARGE

Between on or about September 30, 2024, and on or about February 13,

2025, in the Northern District of Florida and elsewhere, the defendant,

**ATHARVA SATHAWANE,**
**a/k/a "Andy Sathawane,"**

did knowingly and willfully combine, conspire, confederate, and agree with other

persons to devise, and intend to devise, a scheme to defraud and for obtaining

money and property by means of material false and fraudulent pretenses,

representations, and promises, and to cause wire communications to be transmitted

in interstate commerce for the purpose of executing such scheme, in violation of

Title 18, United States Code, Section 1343.

FILED USDC FLND GV
MAY 27 '25 PM12:13



## B.  OBJECT OF THE CONSPIRACY

1.      It was the object of the conspiracy for **ATHARVA SATHAWANE** and his co-conspirators to defraud elderly victims throughout the United States, including the Northern District of Florida, into providing money and gold to the conspirators.

## C. MANNER AND MEANS

The manner and means by which this conspiracy was committed included the following:

2.      The conspirators contacted victims and knowingly made false representations to induce victims to provide money and gold to the conspirators.

3.      In furtherance of the fraudulent scheme, the conspirators communicated with victims using telephone calls and electronic messages.

4.      The false representations were about material facts, including claims of false financial transactions that affected the victims, the identity of the conspirators, the need for the withdrawal of funds, and the need to purchase gold.

5.      Through these false representations, the conspirators caused victims to liquidate assets, withdraw money from bank accounts, and purchase gold.

6.      The conspirators, including **ATHARVA SATHAWANE**, would retrieve the gold and cash, in person, from the victims.

2

7.    The conspirators had different roles in the conspiracy.  Some would contact the victims and make the materially false representations convincing them of the need to provide gold and cash to the conspiracy.  **ATHARVA SATHAWANE** and other conspirators travelled to victim locations to retrieve money and gold from victims in exchange for a portion of the fraud proceeds or other payment.

8.    In furtherance of the fraudulent scheme, the conspirators communicated among themselves using telephone calls and electronic messages that utilized the internet. **ATHARVA SATHAWANE's** communications demonstrated that he knowingly participated in the conspiracy and its objectives.

9.    The conspirators caused interstate wire communications, including the following:

a.    Interstate wire communications, consisting of telephone calls, text messages, and other electronic communications among conspirators and from conspirators to victims;

b.    Interstate wire communications to airline servers, consisting of commercial airline bookings made for the purpose of traveling to retrieving money and valuables from victims;

3

c.      Interstate wire communications, consisting of electronic

payments between conspirators in exchange for picking up and

delivering the money and gold from victims; and

d.      Interstate wire communications, consisting of electronic

transfers of funds by and between financial institutions.

10.     **ATHARVA SATHAWANE** willingly participated in defrauding and

attempting to defraud at least thirty victims of more than $7 million in gold and

United States currency.

<u>Victim B.O. in Gainesville, Florida</u>

11.     It was part of the conspiracy that **ATHARVA SATHAWANE** and

his co-conspirators knowingly defrauded B.O. into liquidating his retirement

savings and providing gold to the conspirators in Gainesville, Florida.

12.     It was further part of the conspiracy that, on or about February 3,

2025, members of the conspiracy made false and fraudulent representations to B.O.

that he had received funds he was not entitled to and that he needed to return those

funds through the purchase of gold coins to avoid incurring tax consequences.

These fraudulent representations induced B.O. to cause a wire transfer of $200,000

to be made from B.O.'s Schwab One investment account to B.O.'s Bank of

America Senior Economy Checking account so B.O. could purchase gold.

4

13.    It was further part of the conspiracy that members of the conspiracy directed B.O. to use the funds transferred to his Bank of America Senior Economy Checking account to purchase sixty-eight (68) gold coins valued at $198,560.

14.    It was further part of the conspiracy that conspirators instructed B.O. to package the gold and provide it to a courier for delivery to another location.

15.    It was further part of the conspiracy that on or about February 6, 2025, in Gainesville, Florida, **ATHARVA SATHAWANE** took the package of gold from B.O. to further the object of the conspiracy.

16.    It was further part of the conspiracy that the conspirators attempted to cause B.O. to initiate a second transfer of funds from his Schwab One investment account to his Bank of America Senior Economy Checking account so B.O. could purchase and relinquish more gold.

17.    It was further part of the conspiracy that on or about February 13, 2025, in Gainesville, Florida, **ATHARVA SATHAWANE** attempted to pick up from B.O. a second package containing sixty-six gold coins valued at $197,340.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

Between on or about September 30, 2024, and on or about February 13,

2025, in the Northern District of Florida and elsewhere, the defendant,

### ATHARVA SATHAWANE,
### a/k/a "Andy Sathawane,"

did knowingly combine, conspire, confederate, and agree with other persons to

conduct and attempt to conduct financial transactions affecting interstate and

foreign commerce, that is, the transfer, delivery, disposition, and movement of

gold funds, United States currency, and monetary instruments, involving funds that

were proceeds of a specified unlawful activity, that is, wire fraud, in violation of

Title 18, United States Code, Section 1343, and that the defendant knew to be the

proceeds of some form of unlawful activity, with the intent to promote the carrying

on of the specified unlawful activity, and knowing that these transactions were

designed in whole or in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of the specified unlawful activity, in

violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and

1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

### CRIMINAL FORFEITURE

The allegations contained in Counts One and Two of this Indictment are

hereby realleged and incorporated by reference for the purpose of alleging

6

forfeiture. From his engagement in the violations alleged in Counts One and Two of this Indictment, the defendant,

**ATHARVA SATHAWANE,**
**a/k/a "Andy Sathawane,"**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in any property, real and personal, involved in such offenses, and any property constituting, and derived from, proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

      i.    cannot be located upon the exercise of due diligence;

      ii.    has been transferred, sold to, or deposited with a third party;

      iii.    has been placed beyond the jurisdiction of this Court;

      iv.    has been substantially diminished in value; or

      v.    has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1)

7

and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

*Redacted*

FOREPERSON

5/27/2025
DATE

MICHELLE SPAVEN
Acting United States Attorney

ADAM HAPNER
Assistant United States Attorney

8