IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.   Case No. 1:25-cr-00012-AW-MAL

ATHARVA SATHAWANE
  a/k/a "Andy Sathawane"
_____/

## GOVERNMENT'S MOTION IN LIMINE

The government files this motion in limine to address the admissibility of two YouTube videos that were sent to and received by the defendant during the elder fraud scheme and other related exhibits.

Specifically, the government intends to introduce two pictures of the defendant's cell phone that show—from the phone user's perspective—that on February 9, 2025, at 11:52 P.M., "Kuts US," the defendant's friend and a fellow courier in the fraud scheme, sent a link to a YouTube video entitled "Indian Scammer Steals $400k in Gold Bars, Gets Busted." Kuts US asked the defendant to "[c]all" him. The following morning, the defendant responded, "This is the [reel] I sent you…[i]n November." The defendant then sent a different YouTube link to a similar video entitled, "Indian Scammer Busted by Cops at Victim's Front Door."

The government also intends to introduce two screenshots of the YouTube website that are depicted when a user visits the URL addresses associated with the

1

YouTube links in the defendant's cell phone and the YouTube videos themselves. These six exhibits were submitted *in camera* for the Court's review during the September 23, 2025 pretrial conference.

Each of these exhibits is highly probative of the defendant's knowledge that he was a material participant in an elder fraud scheme because the title and content of the videos discuss the same type of scheme for which he was a courier. The videos even show other couriers being arrested under substantially similar circumstances as the defendant just days after he watched these videos, when he was attempting to obtain approximately $200,000 in gold from an elderly victim in Gainesville, Florida. The defendant acknowledged receipt of the first video link and sent the second video link on his own volition. The defendant's statement that he sent the same video link in November is clearly not hearsay because it is an opposing party's statement. *See* Fed. R. Evid. 801(d)(2)(A).

At trial, the government will be able to satisfy the requirement of authenticating the YouTube videos. "The Federal Rules of Evidence provide that evidence is properly authenticated when there is 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *United States v. Singleton*, 455 F. App'x 914, 916 (11th Cir. 2012) (quoting Fed. R. Evid. 901(a)). "Once a party has presented sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be, the evidence should be admitted and

2

the trier of fact permitted to determine whether the proffered evidence is what it purports to be." *Id.* (citing *United States v. Caldwell*, 776 F.2d 989, 1001–02 (11th Cir. 1985)). "A prima facie showing simply means 'evidence of such nature as is sufficient to establish a fact and which, if unrebutted, remains sufficient for that purpose.'" *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1176 n.13 (11th Cir. 2002) (quoting *Hiram Walker & Sons, Inc. v. Kirk Line, R.B. Kirkconnell & Bro., Ltd.*, 963 F.2d 327, 331 n.5 (11th Cir. 1992)).

Moreover, "Rule 901(a) only requires some competent evidence in the record to support authentication; circumstantial evidence alone may be enough." *Singleton*, 455 F. App'x at 916 (citing *United States v. Elkins*, 885 F.2d 775, 785 (11th Cir. 1989)); *see also United States v. Williams*, 865 F.3d 1328, 1343 (11th Cir. 2017) ("[U]nder Rule 901, '[t]he government may authenticate a document solely through the use of circumstantial evidence, including the document's own distinctive characteristics and the circumstances surrounding its discovery." (quoting *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990)). Indeed, pursuant to Rule 901(b)(4), authenticity may be established by "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). "A district court has discretion to determine authenticity, and that determination should not be disturbed on appeal absent a showing that there is ***no*** competent evidence in the record to support it."

3

*United States v. Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012) (emphasis added) (quoting *United States v. Siddiqui*, 235 F.3d 1318, 1322 (11th Cir. 2000)).

In this case, there is a plethora of competent evidence for the Court and the jury to conclude that the YouTube videos (as seen in the exhibits) are the same YouTube videos sent to and received by the defendant in February 2025 (and November 2024). The title of the videos is the same. The preview or thumbnail images depicted in the links from the defendant's phone also depict the same imagery from the videos. The URLs associated with both the links in the phone and the YouTube videos are the exact same.[1] And, contextually, the content of the videos depict the same activities that the defendant was engaged in during that time frame.

That evidence alone satisfies the relatively low threshold requirement of Rule 901, and the defense has not articulated any reason to question whether the videos from the phone and the government's exhibits are the same. Nevertheless, Detective Justin Torres will also be able to testify that he viewed the first YouTube video sent to the defendant by Kuts US as it existed on December 10, 2024, and that it is the same video today; it has not been edited or modified in any way. The December 10, 2024 video was captured on the Internet Archive's Wayback Machine, which "maintains archived copies of historical webpages." *Capua v. Air Europa Lineas*

---

[1] A URL (Uniform Resource Locator) is a *unique* address to locate a webpage or file on the internet. https://support.google.com/google-ads/answer/14095?hl=en

*Aereas S.A. Inc.*, No. 20-CV-61438-RAR, 2021 WL 965500, at *2 n.4 (S.D. Fla. Mar. 15, 2021). The WayBack Machine is a reliable source to determine the content of web pages whose accuracy cannot reasonable be questioned. *See Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (citing cases).

Finally, the significant probative value of this evidence is not substantially outweighed by a danger unfair prejudice. "[I]n "reviewing issues under Rule 403, [the Court] look[s] at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *United States v. Edouard*, 485 F.3d 1324, 1344 n.8 (11th Cir. 2007) (quoting *United States v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006)). By contending that he lacked knowledge of the unlawful purpose of the plan to commit wire fraud and money laundering—and that he did not even *suspect* fraudulent activity—the defendant has imposed a "substantial burden on the government to prove [his knowledge]." *See United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007). "Exclusion under Rule 403 is an 'extraordinary remedy' that should" not be used here. *United States*

5

*v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009)) (quoting *United States v. Fortenberry*, 971 F.2d 717, 721 (11th Cir. 1992)).

September 25, 2025                    Respectfully submitted,

                                      JOHN P. HEEKIN
                                      United States Attorney

                                      _____
                                      Adam Hapner
                                      Assistant United States Attorney
                                      Florida Bar No. 112006
                                      401 SE First Ave, Ste 211
                                      Gainesville, Florida 32601
                                      (352) 378-0996
                                      Adam.Hapner@usdoj.gov

## RULE 7.1(B) CERTIFICATION

Counsel for the defendant, Alex Contreras, previously indicated that she objects to the admission of this evidence.

_____
Adam Hapner
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains 1,256 words.

_____
Adam Hapner
Assistant United States Attorney