IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                  Case No. 1:25-cr-00012-AW-MAL

**ATHARVA SATHAWANE**
 a/k/a "Andy Sathawane"
_____/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S *MOTION IN LIMINE***

Defendant files this Motion in response to the Government's September 25, 2025 *Motion in Limine* and raises additional issues regarding the admissibility of cumulative victim testimony.

I.        Admissibility of screenshots

The government intends to introduce two pictures of the defendant's cell phone depicting cell phone messages between Defendant and "Kuts US." Defendant's objection to this screenshot is solely to the text messages reading "This is the [reel] I sent you…[i]n November." A "reel" is a short video a few seconds to three minutes long for use in social media.[1]  Rule 403 bars evidence that creates "an undue tendency to suggest a decision on an improper basis." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). When considering the prejudicial effect of proffered evidence, the availability of alternative testimony is properly considered as a factor in 403 balancing. *United States v. Awadallah*, 436 F.3d 125, 132 (2d Cir. 2006); *United States v. Wiley*, 610 F. Supp. 3d 440, 444–45 (D. Conn. 2022).

Defendant objects to presenting to the jury the text message reading "in November" because it suggests that Defendant texted the *same* February 2025 YouTube videos that the

---

[1] https://about.instagram.com/blog/spark/announcements/introducing-instagram-reels-announcement
https://metricool.com/reels-tiktok/

1

Government seeks to introduce in November of 2024. Defendant contends that he sent a reel to "Kuts US" in November of 2024. Defendant states that reel sent in November reel depicted just an arrest. Its contents were not the lengthy YouTube videos transmitted in February of 2025.[2] Admission of the text stating "in November" would lead the jury to reach an improper conclusion – that Defendant watched the entirety of the February 2025 YouTube videos in November of 2024, and thus, was aware of their entire contents in November of 2024.

The Government could introduce the same screenshots redacting only the portion that reads "in November" and they would carry the same probative value without running the risk of the jury drawing improper conclusions about *when* or *whether* the Defendant watched the entirety of the YouTube videos. Moreover, Defendant contends that if the Government wanted to establish that Defendant sent similar reels in November 2024, they should produce the reels sent by Defendant to "Kuts US" in November 2024, under the Best Evidence Rule.[3]

II.   Admissibility of YouTube videos

Defendant raises and preserves for appeal three objections regarding the admissibility of the YouTube videos the Government seeks to introduce: (1) they cannot be properly authenticated (2) they are not relevant to this case and (3) they are more prejudicial than probative. First, Defendant contends the Government has not proven its proffered YouTube videos are the exact same videos that Defendant transmitted to "Kuts US" in February 2025.

Second, the videos are not related to the parties in this case and thus not relevant. The Government does not contend that these videos depict the Defendant, any of his alleged co-

---

[2] The video "Indian Scammer Steals $400k" is 22 minutes long and the video "Indian_Scammer_Busted_by_Cops" is almost 25 minutes long.
[3] Federal Rule of Evidence 1002.

2

conspirators or any of the victims at issue in this case. Defense counsel was unable to identify any federal court admitting YouTube videos not for explanatory purposes (i.e. technical or scientific videos) that did not depict the Defendant. *See United States v. Wiley*, 610 F. Supp. 3d 440, 446 (D. Conn. 2022) (court admitting only portions of rap videos which tended to demonstrate Defendant's drug dealing); *United States v. Stephenson*, 550 F. Supp. 3d 1246, 1252 (M.D. Fla. 2021) (court declining to admit rap videos created by Defendant because they were too remote in time to the crime); *United States v. Gonzalez*, No. 22-1242, 2022 WL 4376074, at *3 (7th Cir. Sept. 22, 2022) (court admitted YouTube videos depicting Defendant *because* they were probative of Defendant's predisposition for possessing a firearm). In each of these cases, the YouTube videos admitted served to prove a fact about the Defendant at issue. The videos the Government seeks to admit in this case are not probative of anything relating to this particular Defendant, other than they would allow the jury to draw the improper conclusion that Defendant watched them in whole. The fact that Defendant received or sent these videos does not conclusively prove that Defendant viewed the entirety of each twenty-plus minute video. The Government is merely hoping that the jury draws that improper conclusion.

Lastly, Defendant argues the YouTube videos should not be admitted under Rule 403. As explained above, their probative value in relation to this specific case is low. Even assuming Defendant watched the entirety of the videos, the fact that he watched the videos does not conclusively establish whether Defendant knew anything about the specific fraudulent scheme at issue in this case because the Government does not contend these videos are related to the fraudulent scheme at issue. On the other hand, the risk of unfair prejudice is very high, as the jury may make several improper conclusions as a result of their admittance, such as (1) that Defendant watched the entirety of the videos, (2) that they relate to the same fraudulent scheme at issue in

this case, (3) that the individuals being arrested are co-conspirators in the same fraudulent scheme or (4) that the victims depicted are victims in the same fraudulent scheme at issue in this case.

   III.   Admissibility of cumulative victim testimony

Defendant recently learned that the Government intends to present live testimony by upwards of ten victims of the fraudulent scheme. Defendant raises and preserves for appeal two objections to testimony by several victims, (1) it would be more prejudicial than probative under 403, and (2) a needless presentation of cumulative evidence.

First, the victims in this fraud scheme are extremely charismatic and vulnerable elderly individuals. Defendant was a courier in the fraudulent scheme.  The Government does not allege that Defendant ever communicated with any of the victims in any way, via email, text or even in-person. To the extent any victim would testify they communicated words to Defendant in any fashion, Defense counsel does not object to such testimony. But repetitive testimony about how much money each victim lost, how the amount constituted their entire life savings, and how they were hoodwinked and misled by the *actual* organizers of the fraudulent scheme, would serve merely to inflame the passions of the jury and cause unfair prejudice to Defendant.  Defendant has stipulated to the admittance of a summary chart listing the amount lost by the victims. Defendant has also stipulated the admittance of a summary chart connecting Defendant's courier activities to each transaction. Therefore, the probative value of each victim's testimony would be low, but prejudice to the Defendant following a parade of victim testimony would be extremely high.

Second, presentation of cumulative evidence exists where testimony of several witnesses would be the same, and one witness's testimony would be sufficient. *See United States v. St. Aubin Facey*, 386 F. App'x 910, 913 (11th Cir. 2010) citing *United States v. Haynes*, 554 F.2d 231, 234

(5th Cir. 1977) (holding that the district court did not abuse its discretion in limiting testimony to only one witness where additional witnesses would have provided the same testimony); *United States v. Tyler*, No. 3:22-CR-066-CHB, 2023 WL 2173190 at *13 (W.D. Ky. Feb. 22, 2023) (court excluding testimony by four additional victims as "unfairly prejudicial under Rule 403, potentially causing undue delay, wasting time, and needlessly presenting cumulative evidence"). *See also Goldstein v. Centocor,* No. 05–21515 COV, 2007 WL 61913, at *2 (S.D.Fla. Jan.5, 2007) (granting motion in limine to exclude testimony of second expert when it would be identical to the first experts' testimony). Defendant has stipulated to the admittance of a summary chart containing 33 transactions allegedly facilitated by Defendant's courier activities. To the extent that victim testimony after the first victim is cumulative and duplicative, and or the "same testimony" as the one given by the victim prior, Defendant objects to such testimony.

September 27, 2025                               Respectfully submitted,

                                                 **SMITH & EULO LAW FIRM**

                                                 ***By:*** _____
                                                 Alejandra Contreras Caballero, Esq.
                                                 Florida Bar No. 1041489
                                                 Smith & Eulo Law Firm, PLLC
                                                 2720 NW 6th St., Suite 302C
                                                 Gainesville, FL 32609
                                                 (407) 930-8912
                                                 acontreras@smithandeulo.com
                                                 mlockwood@smithandeulo.com

**RULE 7.1(B) CERTIFICATION**

Assistant United States Attorney Adam Hapner filed a *Motion in Limine* as to parts I and II of this Motion and, after conferring, objects to part III of this Motion.

**By:** _____
Alejandra Contreras Caballero, Esq.
Smith & Eulo Law Firm, PLLC

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains 1,469 words.

**By:** _____
Alejandra Contreras Caballero, Esq.
Smith & Eulo Law Firm, PLLC