IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 1:25-cr-00012-AW-MAL

ATHARVA SATHAWANE
  a/k/a "Andy Sathawane"
_____/

**GOVERNMENT'S SECOND MOTION IN LIMINE**

The government files this second motion in limine to explain why the jury should be given a deliberate ignorance instruction in this case.

The defendant has been charged with one count of conspiracy to commit wire fraud and one count of conspiracy to commit money laundering. ECF No. 1. Both charges require the government to prove that the Defendant knew the unlawful purpose of the plan and willfully joined in it. *See* 11th Cir. Jury Instrs. 054, 074.5. Thus, by pleading not guilty to the conspiracy charges in this case, the defendant has made his "intent a material issue which imposes a substantial burden on the government to prove intent." *United States v. Perry*, 14 F.4th 1253, 1270 (11th Cir. 2021) (quoting *United States v. Edouard*, 485 F.3d 1324, 1345 (11th Cir. 2007)).

At trial, the government intends to show that the defendant had actual knowledge of the unlawful purpose of the plan to commit wire fraud and money laundering. However, as explained below, the facts of this case also warrant a

1

deliberate ignorance instruction as an alternative means to prove the defendant's knowledge.

"A deliberate ignorance instruction is appropriate where the facts 'support the **inference** that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *United States v. Pineda*, 843 F. App'x 174, 179–80 (11th Cir. 2021) (emphasis added) (quoting *United States v. Rivera*, 944 F.2d 1563, 1571 (11th Cir. 1991)). Furthermore, "[w]here 'the evidence could support both actual knowledge or deliberate ignorance,'" as here, "the district court may instruct the jury on both methods of establishing the defendant's knowledge." *Id.* at 180 (citing *United States v. Maitre*, 898 F.3d 1151, 1157 (11th Cir. 2018)); *see also United States v. Verdeza*, 69 F.4th 780, 792 (11th Cir. 2023) ("But 'when the evidence could support both actual knowledge or deliberate ignorance and the jury was instructed on both,' giving a deliberate instruction is not error." (quoting *Maitre*, 898 F.3d at 1157)); *United States v. Arias*, 984 F.2d 1139, 1144 (11th Cir. 1993) ("[W]here 'the evidence supports both actual knowledge and deliberate ignorance, the instruction is properly given.'" (quoting *United States v. Ochoa-Fabian*, 935 F.2d 1139, 1142 (10th Cir. 1991))).

"Fraud crimes, by their very nature, often yield little in the way of direct proof, and the government typically establishes a defendant's intent through circumstantial

2

evidence." *United States v. Ahrens*, 782 F. App'x 845, 847–48 (11th Cir. 2019) (citing *United States v. Croteau*, 819 F.3d 1293, 1305 (11th Cir. 2016)). Indeed, "[t]he very nature of conspiracy frequently requires that the existence of an agreement be proved by inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme, and the government can show that a defendant voluntarily joined a conspiracy through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy." *Id.* at 848.

For this reason, courts around the country routinely give deliberate ignorance instructions in cases involving conspiracy charges—especially fraud conspiracies—when a defendant denies knowledge of participating in criminal activity. *See, e.g.*, *United States v. Ravenell*, 66 F.4th 472 (4th Cir. 2023) (willful blindness instruction deemed appropriate in conspiracy to commit money laundering prosecution when defendant asserts lack of knowledge, but evidence supports inference of deliberate ignorance); *United States v. Sterling*, 701 Fed. Appx. 196 (4th Cir. 2017) (district court did not abuse its discretion in instructing jury on willful blindness in defendants' trial on charges of conspiracy to commit mail and wire fraud and conspiracy to launder monetary instruments associated with Jamaican lottery scam); *United States v. Hansen*, 791 F.3d 863 (8th Cir. 2015) (willful blindness jury

instruction was warranted in prosecution for mail fraud, wire fraud, and conspiracy to commit mail and wire fraud related to Ponzi scheme).

Most recently, in *United States v. Bindranauth*, No. 22-10944, 2024 WL 4440291 (11th Cir. Oct. 8, 2024), the Eleventh Circuit approved a deliberate ignorance instruction in a prosecution for money laundering and conspiracy to commit money laundering where the evidence supported an inference of both actual knowledge and deliberate ignorance. The defendant objected to a deliberate ignorance "because he proactively sought out information about whether he was committing a criminal act." *Id.* at *6. In one instance, the defendant even asked a bank official "what's going on" in response to the bank official telling him that he was committing wire fraud. *Id.* The Eleventh Circuit said that "this is precisely the evidence that warranted the deliberate ignorance instruction," even though "the circumstantial evidence also suggested actual knowledge." *Id.* Because the defendant contended he was unaware of the precise nature of his activity, the court explained that "it was therefore for the jury to determine whether this ignorance was feigned." *Id.*

Likewise, in the instant case, the jury can infer either actual knowledge or deliberate ignorance from the highly unorthodox circumstances of the transactions in which millions of dollars' worth of cash and gold were transferred. The evidence will show that the defendant was communicating with people he did not know,

4

picked up gold and cash from elderly victims, transferred gold and cash to unknown individuals in random parking lots (sometimes at night), was paid with proceeds of the fraud scheme, and never left a paper trail. To the extent the defendant maintains his lack of knowledge at trial, these circumstances alone make it plausible for a jury to conclude that the defendant was aware of a "high probability" that he was engaged in illicit activity but deliberately closed his eyes.

Additionally, Mr. Sathawane's own statements support a deliberate ignorance instruction. During a post-*Miranda* interview, the defendant was asked about the suspicious circumstances under which he transferred significant amounts of gold. The defendant confirmed, "It was suspicious after a couple ones, I asked them that, Hey, what is this about? Because I wasn't comfortable doing it. It, it doesn't make sense for someone to give something and it was gold and like a good quantity. So I did question them." The defendant further stated that in response to his question, his co-conspirators "were like, no we just do the logistics part. **They don't know what's happening**. Uh, people just tell me to like, have someone like go and do the pickup and dump and that's all I coordinate." In other words, the defendant's co-conspirators did not dispel his concerns; they merely feigned their own ignorance. So, the fact that the defendant blindly accepted his conspirators' answer and continued to pick up and drop off cash and gold under admittedly suspicious circumstances—at least thirty-one more times to be exact—without demanding a satisfactory answer is

another basis to find that the defendant buried his head in the sand like an ostrich in order to claim ignorance if he were caught.

Additionally, the jury will hear evidence to show that the defendant and his co-conspirators were concerned about the police and even sent YouTube videos that depicted couriers being arrested under substantially similar circumstances as the defendant's activities. Although this evidence could also support a finding of actual knowledge, "this is precisely the evidence that warrant[s] the deliberate ignorance instruction" because it further demonstrates that the defendant was aware of a high probability that he was involved in a wire fraud and money laundering scheme. *See Bindranauth*, 2024 WL 4440291, at *6.

Finally, if the defendant testifies and either denies knowledge or claims that he proactively sought out information to confirm he was not engaged in criminal activity, this will provide *another* reason for a deliberate ignorance instruction because "the jury is entitled not only to disbelieve the defendant's testimony but also to conclude the opposite of what he said is true." *United States v. Shuler*, 373 F. App'x 949, 951 (11th Cir. 2010). In this instance, the Court should allow "the jury

6

to determine whether this ignorance was feigned." *See Bindranauth*, 2024 WL 4440291, at *6.

September 28, 2025                              Respectfully submitted,

                                                JOHN P. HEEKIN
                                                United States Attorney

                                                _____
                                                Adam Hapner
                                                Assistant United States Attorney
                                                Florida Bar No. 112006
                                                401 SE First Ave, Ste 211
                                                Gainesville, Florida 32601
                                                (352) 378-0996
                                                Adam.Hapner@usdoj.gov

## RULE 7.1(B) CERTIFICATION

Counsel for the defendant, Alex Contreras, previously indicated that she objects to the use of a deliberate ignorance instruction.

_____
Adam Hapner
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains 1,471 words.

_____
Adam Hapner
Assistant United States Attorney