IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 1:25-cr-00012-AW-MAL

ATHARVA SATHAWANE
 a/k/a "Andy Sathawane"
_____/

**DEFENDANT'S RESPONSE TO GOVERNMENT'S SECOND *MOTION IN LIMINE***

Defendant, through counsel, raises and preserves for appeal an objection to the Government's request to provide a deliberate ignorance instruction in this case. Defendant's position is that such an instruction may not be given unless evidence presented at trial establishes that Defendant consciously avoided learning the truth about the fraudulent scheme.

I.     **Deliberate Ignorance or Willful Blindness**

In a seminal case discussing the deliberate ignorance instruction, the Government argued that if Defendant did not have positive knowledge, it was solely and entirely because of the conscious purpose on his part to avoid learning the truth. *United States v. Jewell*, 532 F.2d 697 (9th Cir. 1976). The deliberate ignorance instruction in *Jewell* read, in part:

> "The Government can complete their burden of proof by proving, beyond a reasonable doubt, that if the defendant was not actually aware that there was marijuana in the vehicle he was driving when he entered the United States, his ignorance in that regard was solely and entirely a result of his having made a conscious purpose to disregard the nature of that which was in the vehicle, with a conscious purpose to avoid learning the truth." *Id*. at 698.

The *Jewell* court held that a deliberate ignorance instruction could be given only if there was *deliberation* on the part of the Defendant - he must take some actual step to avoid learning the truth. *Jewell*, 532 F.2d at 698, citing G. Williams, *Criminal Law: The General Part*, § 57 at 157

1

(2d ed. 1961). For a willful blindness instruction to be given, there **must** be evidence in the record that demonstrates "some deliberate efforts on [Defendant's] part to avoid obtaining actual knowledge." *United States v. Barnhart*, 979 F.2d 647, 651 (8th Cir. 1992). Otherwise, a willful blindness instruction should not be given.

The Court in *United States v. Alvarado*, 838 F.2d 311, 314 (9th Cir. 1987) noted that the cases in which the facts point to deliberate ignorance are relatively rare. "The instruction should, therefore, be given rarely because of the risk that the jury will convict on a standard of negligence: that the defendant *should* have known the conduct was illegal. *United States v. Garzon,* 688 F.2d 607 (9th Cir.1982) (emphasis added). The danger of an improper willful blindness instruction is "the possibility that the jury will be led to employ a negligence standard and convict a defendant on the impermissible ground that he should have known [an illegal act] was taking place." *United States v. Littlefield*, 840 F.2d 143, 148 n. 3 (1st Cir.), cert. denied, 488 U.S. 860 (1988); *United States v. White,* 794 F.2d 367, 371 (8th Cir.1986); *United States v. Beckett,* 724 F.2d 855, 856 (9th Cir.1984) (per curiam); *United States v. Barnhart*, 979 F.2d 647, 651 (8th Cir.1992).

A trial court may instruct the jury concerning willful blindness when a defendant (1) claims a lack of knowledge, (2) the facts support an inference of defendant's **conscious course** of deliberate ignorance, and (3) the instruction, taken as a whole, cannot be misunderstood by a juror as mandating the inference of knowledge. *United States v. St. Michael's Credit Union,* 880 F.2d 579, 584 (1st Cir.1989). There must be evidence that the defendant (1) was aware of a high probability of the disputed fact and (2) deliberately avoided confirming that fact. *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) (internal citations omitted). Federal courts have given the deliberate ignorance instruction where evidence supported the fact that Defendant "purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent

prosecution." *United States v. Ahrens*, 782 F. App'x 845, 849 (11th Cir. 2019); *United States v. Brandon*, 17 F.3d 409, 453 (1st Cir. 1994) (instruction properly given where there was proof that Defendant deliberately avoided **discussing** the fraudulent mortgages at issue). *United States v. Rivera,* 944 F.2d 1563, 1571 (11th Cir.1991). In *U.S. v. Rivera,* the prosecution had presented no evidence at all to prove conscious avoidance of knowledge. *Id.* at 1572. The court held it was error to give the deliberate ignorance instruction.[1] See also *United States v. Barbee*, 968 F.2d 1026, 1033 (10th Cir. 1992) (holding a deliberate ignorance instruction was improper where the record did not "suggest any evidence of deliberate acts to avoid actual knowledge").

Therefore, for a defendant's ignorance to be deliberate or willful, the defendant must have been presented with facts that put him on notice that criminal activity was probably afoot, *and then* the defendant must have failed to investigate those facts, thereby <u>deliberately declining to verify or discover the criminal activity</u>. *Id.* at 652 (emphasis added). See *United States v. Brandon*, 17 F.3d 409, 452 (1st Cir. 1994) (holding instruction was proper as to a Defendant who said he "didn't want to know anything about it"). As the Government stated in its Motion, Defendant did in fact raise concerns about the purpose of the deliveries, and he himself was hoodwinked, told that they just did logistics and nothing improper was afoot.

The evidence in this case will prove either that Defendant had actual knowledge of the purpose of the conspiracy or had no knowledge of the conspiracy. But for this Court to give the instruction there must be a finding that Defendant took deliberate steps to avoid learning the truth.

Addressing *United States v. Bindranauth*, No. 22-10944, 2024 WL 4440291 (11th Cir. Oct. 8, 2024) [2], counsel for the Government misstates the reason the Court of Appeals found the

---

[1] They did also hold it was harmless error.
[2] Petition for Certiorari Docketed by *Sean Kerwin Bindranauth v. United States*, U.S., on June 30, 2025.

instruction was properly given. Counsel for the Government stated in its Motion that the instruction was proper "because [Defendant] proactively sought out information about whether he was committing a criminal act." But the Court of Appeals found the instruction was properly given because Defendant was "warned repeatedly, by friends, family members, and banks, that he was potentially engaging in illicit activity. Yet, he chose to ignore it." *Id.* at *6. The opposite happened here. Defendant was assured by his employers that nothing illegal was going on.

Counsel for the Government makes reference to evidence that may be presented at trial in the form of YouTube videos, but a decision by this Court on whether that evidence will be admitted is still pending.

## II. Limiting instruction

If this Court allows a deliberate ignorance instruction, the Defense proposes adding limiting language to such an instruction. For example, in *United States v. Jewell*, 532 F.2d 697, 698 (9th Cir. 1976), the trial court instructed: "The Government can complete their burden of proof by proving, beyond a reasonable doubt, that if the defendant was not actually aware of the unlawful purpose of the plan, his ignorance in that regard was solely and entirely a result of his having made a conscious purpose to disregard the nature of the plan, with a conscious purpose to avoid learning the truth." The Court of Appeals affirmed the trial court's decision.

In *United States v. Brandon*, 17 F.3d 409, 454 (1st Cir. 1994), the trial court also instructed the jury that "mere negligence or mistake in failing to learn the facts is not sufficient" and that a defendant's "willful ignorance had to be deliberate beyond a reasonable doubt." *Id*. at 454. The Court of Appeals found the deliberate ignorance instruction was properly presented to the jury because the district court explained twice that actual proof of knowledge was essential to ensure

4

"that no one will be convicted for an act that he or she did not intend to commit or the nature of which he or she did not understand." *Id*. at 454.  Where this Court to provide the deliberate ignorance instruction, Defendant would request a modification clarifying that the jury may not convict the Defendant using a negligence standard and providing a definition of negligence.

September 28, 2025                     Respectfully submitted,

**SMITH & EULO LAW FIRM**

***By:*** _____
Alejandra Contreras Caballero, Esq.
Florida Bar No. 1041489
Smith & Eulo Law Firm, PLLC
2720 NW 6th St., Suite 302C
Gainesville, FL 32609
(407) 930-8912
acontreras@smithandeulo.com
mlockwood@smithandeulo.com

**RULE 7.1(B) CERTIFICATION**

This filing is a response to the Government's Second Motion in Limine.

***By:*** _____
Alejandra Contreras Caballero, Esq.
Smith & Eulo Law Firm, PLLC

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains 1,457 words.

***By:*** _____
Alejandra Contreras Caballero, Esq.
Smith & Eulo Law Firm, PLLC