IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:25-cr-12-AW-MAL

ATHARVA SATHAWANE,

    Defendant.
_____/

## JURY INSTRUCTIONS

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will hear closing arguments. Then you will go to the jury room and begin your discussions—what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

* * *

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it does not have to prove a defendant's guilt beyond all *possible* doubt. The Government's proof only has to exclude any "reasonable doubt" concerning a defendant's guilt.

Filed in Open Court
10-
Clerk, U.S. District Court
Northern District of Florida

1

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

* * *

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. The lawyers may discuss the facts with you in their closing arguments. They will not intentionally misrepresent any facts, but they are relying on their own memories just as you will have to rely on your own memories. So if their recollection of the facts differs from yours, you must rely on your own. Again, what the lawyers say is not evidence.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that

decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

\* \* \*

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

\* \* \*

The Indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the Indictment to refer to during your deliberations.

3

Count One charges that the Defendant conspired to commit wire fraud. Count Two charges that the Defendant conspired to commit money laundering.

I will explain the law governing those offenses in a moment. But first note that the Defendant is not charged in either Count with committing a substantive offense. He is charged with *conspiring* to commit those offenses.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people referenced in the Indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

* * *

As noted above, Count One charges the Defendant with conspiracy to commit the offense of wire fraud.

It is a federal crime to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of wire fraud.

The elements of wire fraud are:

4

(1) knowingly devising or participating in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

(2) the false pretenses, representations, or promises were about a material fact;

(3) acting with the intent to defraud; and

(4) transmitting or causing to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The Defendant can be found guilty of this conspiracy offense (Count One) only if both the following facts are proved beyond a reasonable doubt:

(1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the Indictment; and

(2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

* * *

Count Two charges the Defendant with conspiracy to commit the offense of money laundering.

It is a federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956.

A violation of Title 18, United States Code, Section 1956 requires:

(1) knowingly conducting or trying to conduct, a financial transaction;

(2) with knowledge that the money or property involved in the transaction were the proceeds of some kind of unlawful activity;

5

(3) the money or property did come from an unlawful activity, specifically from wire fraud; and

(4) involvement in the financial transaction with either (a) the intent to promote the carrying on of that specified unlawful activity or (b) knowledge that the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

The Defendant can be found guilty of this conspiracy offense (Count Two) only if both the following facts are proved beyond a reasonable doubt:

(1) two or more people agreed to try to accomplish a common and unlawful plan to commit money laundering; and

(2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

\* \* \*

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

If a Defendant's knowledge of a fact is an essential part of a crime, it is enough that the Defendant was aware of a high probability that the fact existed—unless the Defendant actually believed the fact did not exist.

"Deliberate avoidance of positive knowledge"—which is the equivalent of knowledge—occurs, for example, if a defendant possesses a package and believes it contains a controlled substance but deliberately avoids learning that it contains the controlled substance so he can deny knowledge of the package's contents.

6

In that example, you could find that a defendant knew about the possession of a controlled substance if you determined beyond a reasonable doubt that the defendant (1) actually knew about the controlled substance, or (2) had every reason to know but deliberately closed his eyes. But I must emphasize that negligence, carelessness, foolishness, or merely failing to act with the diligence or care that a reasonable person would, is not enough to prove that the defendant in this example knew about the possession of the controlled substance.

\* \* \*

Below are some definitions related to some of the terms used above in the elements of wire fraud and money laundering.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to obtain money or property.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business. Communications using the Internet or a telephone qualify as the use of a "wire."

To "conduct" a transaction means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

A "financial transaction" means a transaction that in any way or to any degree affects interstate or foreign commerce by sending or moving funds (which includes gold, cash, and currency or coins of any country) by wire or other means.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.

To "know that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The term "specified unlawful activity" means wire fraud as alleged in the Indictment.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the financial transaction must have been conducted for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

\* \* \*

You will see that the Indictment charges that the crimes were committed during a date range beginning and ending "on or about" certain dates. The Government does not have to prove that the crimes occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the period alleged.

\* \* \*

8

You will have a copy of the Indictment with you in the jury room. You will note that it includes some redactions. You should not concern yourself about those redactions.

Each count of the Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. I caution you that the Defendant is on trial only for the specific crimes charged in the Indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the judge alone to decide later.

\* \* \*

You have been permitted to take notes during the trial. You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

\* \* \*

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You will now hear closing arguments. After that, I will complete these instructions, and you will start your deliberations.

* * *

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for you. It will be brought to you in the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the deputy clerk or a court security officer. That person will bring it to me, and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.