IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:25-cr-00012-AW-MAL

ATHARVA SATHAWANE
 a/k/a "Andy Sathawane"
_____/

### DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

Comes now, Defendant, Atharva Sathawane, through counsel, pursuant to Federal Rule of Criminal Procedure 29.1 and renews his Motion for Judgment of Acquittal. As grounds for this Motion, Defendant states as follows:

Defendant was found guilty following a trial by jury on October 3, 2025 of one count of conspiracy to commit wire fraud under 18 U.S.C. § 1343 and one count of conspiracy to commit money laundering under 18 U.S.C. § 1956. All the evidence presented by the Government at trial was circumstantial. Therefore, a special standard of review applies. Not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant's reasonable hypothesis of innocence. *Gordon v. State*, 287 So. 3d 610, 615 (Fla. Dist. Ct. App. 2019) citing *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

Defendant was charged with conspiracy on both counts. The government did not allege that he himself engaged in wire fraud or money laundering. To establish a conspiracy, the government must prove both (1) the existence of an *agreement* to achieve an unlawful objective and (2) the defendant's *knowing* participation in that agreement. *United States v. Adkinson,* 158 F.3d 1147, 1155 (11th Cir.1998); *Iannelli v. United States*, 420 U.S. 770 (1975) ("agreement is the essential evil at which the crime of conspiracy is directed.") Since no one can be said to have

1

agreed to a conspiracy that they do not know exists, proof of knowledge of the overall scheme is critical to the finding of conspiratorial intent. *United States v. Chandler*, 388 F.3d 796, 806 (11th Cir. 2004). The government, therefore, must prove beyond a reasonable doubt that the conspiracy existed, that the defendant *knew* about it and that he voluntarily agreed to join it. *Id.* citing *United States v. Hernandez,* 896 F.2d 513, 519 (11th Cir.1990). Additionally, the government must prove that the Defendant " knew the essential nature of the conspiracy." *United States v. Vernon*, 723 F.3d 1234, 1273 (11th Cir. 2013). Without knowing the outline or nature of the conspiracy, or the general purpose of the conspiracy, there cannot be a meeting of the minds as required for conspiracy. *United States v. Parker*, 839 F.2d 1473, 1478 (11th Cir. 1988) ("Without evidence showing or tending to show a meeting of the minds to commit an unlawful act, the convictions cannot stand.").

The 11th circuit has reversed conspiracy convictions where there was no direct proof of an agreement, and the circumstantial evidence of agreement was insufficient to support such an inference. 388 F.3d at 806 citing *United States v. Adkinson,* 158 F.3d at 1159 (*reversing conspiracy convictions where government failed to prove defendants knowingly agreed to unlawful act); United States v. Awan*, 966 F.2d 1415, 1434–35 (11th Cir.1992) *(insufficient evidence to support finding of unlawful agreement)*. Proof of a true agreement is the only way to prevent individuals who are not actually members of the group from being swept into the conspiratorial net. *Id*.  In *United States v. Awan*, 966 F.2d 1415 (11th Cir. 1992), there was no evidence of an express agreement to launder illegal proceeds. *Id*. at 1434. The court found that the circumstantial evidence presented was insufficient to show that defendant *knew* the funds involved in the transactions at issue were the proceeds of unlawful activity "the essential aspect of the conspiracy charge. *Id*.

In this case, the government presented no evidence of an express agreement between the co-conspirators and Defendant to launder illegal proceeds or to commit wire fraud. At trial, the Government presented the following items of evidence to show that Defendant knew about the conspiracy and voluntarily agreed to join it: (1) evidence that an individual confronted Mr. Sathawane in front of a house and allegedly called him a "scammer", (2) evidence that Mr. Sathawane received and sent two different YouTube videos describing a conspiracy similar to the one the government alleged defendant was involved in, (3) circumstantial evidence asking the jury to infer that Defendant *should have known* about the conspiracy because of the strange circumstances under which he was picking up packages.[1]

Addressing each item of evidence in turn, first, the evidence that someone called Mr. Sathawane a "scammer." Assuming Mr. Sathawane heard this person clearly, knowledge that you may be involved in a "scam" does not equal knowledge that you are committing wire fraud and money laundering. No reasonable juror could have concluded that this evidence established that Mr. Sathawane knew the general purpose or nature of *this* conspiracy or agreed to participate in it. Secondly, Defendant filed pleadings and responses requesting exclusion of the YouTube videos published at trial in this case.[2] Putting their admissibility aside, the nature of this evidence is circumstantial. The government argued at trial that reading the names of the YouTube videos alone was enough to establish that he knew the purpose or nature of *this* conspiracy. The videos are titled "Indian Scammer Steals $400k" and "Indian _ Scammer _ Busted _ by_Cops." As argued above, knowledge that you may be involved in a "scam" does not equal knowledge that you are committing wire fraud and money laundering. Alternatively, the government is (presumably)

---

[1] Evidence was presented at trial establishing that some of the package pick ups were in parking lots or outside of business hours very late at night; that Defendant had to provide a "code" to the person handing him the package, and that Defendant did not provide the victims with receipts for any of the packages he received.
[2] See ECF 1:25-cr-00012-AW-MAL-1, documents 49 and 51.

proposing that Mr. Sathawane watched the videos, which related to a similar conspiracy, or that he knew about the purpose of the conspiracy because he himself sent one of the videos. But the government did not attempt to establish that any parties to this case had anything to do with either YouTube video, or that the videos are related to the conspiracy at issue in this case. The government argued during closing that Chicago is mentioned in the videos and Defendant believed some of the conspirators were in Chicago. But Chicago is a city so large that inferring the videos relate to this same conspiracy from that information stretches the bounds of credibility and does not establish anything, much less beyond a reasonable doubt. Because the government did not attempt to prove the videos were related to this conspiracy, even assuming Defendant watched them or sent them does not prove he knew the general purpose or nature of *this* conspiracy. No reasonable juror could have concluded that this evidence proves that Mr. Sathawane knew the general purpose of *this* conspiracy and that he agreed to participate in it.

Lastly, all evidence relating to the suspicious circumstances under which Defendant picked up and delivered packages cannot establish by itself that Defendant had a general understanding of the unlawful purpose of the conspiracy or that he agreed to join it. Those circumstances could have been evidence for any number of possible conspiracies, not specifically conspiracies to commit wire fraud or money laundering. Defendant himself gave testimony that he believed it could have been a conspiracy to commit tax fraud or engage in black market gold-sales. More importantly, this type of evidence only goes to prove that Defendant *should have known* about the conspiracy because of the strange circumstances under which he was picking up packages. The government's burden was to prove actual knowledge, not negligence.[3] No reasonable juror could

---

[3] A jury may not employ a negligence standard to convict a defendant on the "impermissible ground that he should have known [an illegal act] was taking place." *United States v. White,* 794 F.2d 367, 371 (8th Cir.1986); *United States v. Beckett,* 724 F.2d 855, 856 (9th Cir.1984) (per curiam); *United States v. Barnhart,* 979 F.2d 647, 651 (8th Cir. 1992).

have concluded that the suspicious circumstances established knowledge of this specific conspiracy or that Defendant agreed to participate in it.

Due process mandates that courts vacate a conviction based on evidence from which no rational trier of fact could find guilt beyond a reasonable doubt. U.S. Const. Amend. 14. In this case, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant's reasonable hypothesis of innocence. *Gordon v. State*, 287 So. 3d 610, 615. Defendant testified at trial that he believed he maybe was involved in black-market gold sales. Evidence at trial showed Defendant delivered packages to a brick-and-mortar jewelry store at least twice. There was no direct evidence presented by the Government which tended to refute Defendant's reasonable hypothesis of knowledge, and any circumstantial evidence presented was not sufficient to refute his reasonable hypothesis of knowledge.

In conclusion, there was simply insufficient evidence for a reasonable trier of fact to have found Mr. Sathawane guilty beyond a reasonable doubt. There was no direct proof of an agreement, and the circumstantial evidence presented was insufficient to support the finding that Mr. Sathawane knew the general purpose or nature of the conspiracy and knowingly entered into an agreement with the organizers of the conspiracy.

Dated: October 17, 2025                           Respectfully submitted,

**SMITH & EULO LAW FIRM**

**By:** _____
Alejandra Contreras Caballero, Esq.
Florida Bar No. 1041489
Smith & Eulo Law Firm, PLLC
2720 NW 6th St., Suite 302C
Gainesville, FL 32609
(407) 930-8912

acontreras@smithandeulo.com
mlockwood@smithandeulo.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

I hereby certify, pursuant to N.D. Fla. Loc. R. 7.1(f), that this filing complies with the word limit and contains 1,628 words.

*By:* _____
Alejandra Contreras Caballero, Esq.
Smith & Eulo Law Firm, PLLC