# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                              Case No.:   1:25CR12-AW/MAL

**ATHARVA SATHAWANE**
  a/k/a "Andy Sathawane"
_____/

## GOVERNMENT'S MOTION FOR ENTRY OF
## PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b), for the issuance of a Preliminary Order of Forfeiture in the above-styled criminal matter against the following property which was involved in the money laundering offense (Count Two) charged in the Indictment: **Apple iPhone 16 Pro.**

## MEMORANDUM OF LAW

### I. Statement of Facts

#### A. Allegations Against the Defendant

The defendant was charged in the Indictment, in relevant part, with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343 (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two). Doc.

1

1. The forfeiture allegations notified the defendant that upon conviction of the violation alleged in the Indictment, the United States intended to pursue forfeiture of property under the provisions of 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c). Doc. 1.

### B. Findings of Guilt

Following a jury trial, on October 3, 2025, the defendant was found guilty of Counts One and Two of the Indictment. Doc. 64. Prior to trial, the defendant waived his right to have the jury hear the forfeiture issue, and agreed to the forfeiture of his cell phone, if convicted. *See* Doc. 47.

### C. Evidence Related to Forfeiture

During trial, the evidence showed that the defendant's cell phone was involved in the defendant's and his co-conspirators' money laundering activities. Specifically, the defendant used his cell phone to communicate with his co-conspirators regarding the pick-up and drop-off locations for proceeds of the fraud scheme and the defendant's payments for his involvement. Additionally, the defendant used his cell phone to obtain GPS directions to meeting locations and to promote the fraud scheme by making Zelle payments to other couriers.

## II. Applicable Law

### A. Forfeiture Statute

Criminal forfeiture in this case is authorized by 18 U.S.C. § 982(a)(1), which provides that a person convicted of an offense in violation of section 1956 forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.

### B.     Court's Determination of Forfeiture

Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilt, or a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. Where the government seeks forfeiture of specific property, the Court must determine whether the government has established the requisite nexus between the property and the offenses of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The evidence presented by the government that the defendant used the phone to facilitate the concealment and transfer of assets from the fraud scheme is sufficient to show that the phone was involved in money laundering. As such, a nexus has been established between the asset identified above and the offenses of conviction. Doc. 64.

## III.   Conclusion

For the reasons stated above, the United States requests that, pursuant Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the Court forfeit to the United States the asset identified above. As required by Rule 32.2(b)(4)(B), the United

States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim in an ancillary proceeding under Rule 32.2(c).

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

Respectfully submitted,

JOHN P. HEEKIN
United States Attorney

*/s/ Kaitlin Weiss*
KAITLIN WEISS
Assistant United States Attorney
Florida Bar No.: 106130
United States Attorney's Office
Northern District of Florida
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
(850) 942-8430
Kaitlin.Weiss@usdoj.gov

## LOCAL RULE 7.1(B)

I hereby certify that Alex Contreras, Esq. counsel for the defendant has been consulted regarding this motion, and counsel does not object to the Government's motion for a Preliminary Order of Forfeiture.

*/s/ Kaitlin Weiss*
KAITLIN WEISS
Assistant United States Attorney

## LOCAL RULE 7.1(F)

I hereby certify that this memorandum contains 653 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

*/s/ Kaitlin Weiss*
KAITLIN WEISS
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*/s/ Kaitlin Weiss*
KAITLIN WEISS
Assistant United States Attorney
