IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                          Case No. 1:25-cr-12-AW-MAL

ATHARVA SATHAWANE,

    Defendant.

_____/

## ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL

A jury convicted Defendant Atharva Sathawane of conspiracy to commit wire fraud and conspiracy to commit money laundering. ECF No. 64. Sathawane moved for a judgment of acquittal at the close of the government's case-in-chief and then again at the close of his case. Both of those motions were denied on the record. Sathawane has now filed a post-verdict motion for judgment of acquittal. ECF No. 70. That motion was timely. *See* Fed. R. Crim. P. 29(c)(1). The government responded in opposition. ECF No. 71. Based on the evidence presented at trial, and for the reasons outlined below, I conclude Sathawane's motion should be denied as to both counts.

A motion for judgment of acquittal must be denied if the evidence is sufficient for a reasonable jury to find guilt beyond a reasonable doubt. *United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987). And the evidence is viewed in the light most favorable to the verdict. *Id.* "The test for sufficiency of evidence is identical regardless of whether the evidence is direct or circumstantial, and 'no distinction is

1

to be made between the weight given to either direct or circumstantial evidence.'" *United States v. Mieres-Borges*, 919 F.2d 652, 656–57 (11th Cir. 1990). The inquiry remains the same when the question about sufficiency of the evidence relates to the defendant's knowledge. *See United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011). "It is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006).[1]

The indictment alleged that "defraud[ing] elderly victims" was the object of the wire fraud conspiracy. ECF No. 1 at 2. And the charged money laundering conspiracy involved knowingly concealing the source of the funds or acting with the intent to promote the fraud of elderly victims. *Id.* at 6. Sathawane's motion argues that there was no evidence that he made an express agreement with his co-conspirators to participate in a fraud scheme. ECF No. 70 at 2-3. But the government was permitted to "demonstrate by circumstantial evidence a meeting of the minds to commit an unlawful act." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1182

---

[1] The motion improperly relies on Florida law that provides "if the State's evidence is wholly circumstantial, not only must there be sufficient evidence establishing each element of the offense, but the evidence must also exclude the defendant's reasonable hypothesis of innocence," *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). ECF No. 70 at 1. It should go without saying that Florida law does not control in this federal case.

(11th Cir. 2006). There was ample evidence that Sathawane was knowingly involved in a scheme to defraud and that his role as a courier of cash and gold (on numerous occasions) furthered the aims of that scheme. Among other things, there was evidence of:

- Sathawane's picking up tremendous amounts of cash and gold from elderly people at their homes;

- His sometimes dropping off that cash and gold in parking lots and to people he did not know;

- His requesting that his handlers pay him in cash only;

- His receiving compensation that was extraordinary relative to time he worked (in his police interview, Sathawane acknowledged the contrast between the amount he received working his hourly job at UPS and his pay for the deliveries involved in this case);

- His operating based on instructions from people he had never met, who did not operate under their own names, who sometimes changed names and phone numbers, who instructed Sathawane to clear his chat history, and who repeatedly express concerns about his encountering law enforcement;

- His exchanging text messages with a friend—messages with links to YouTube videos with titles related to arrests for involvement in a gold-related scam and that showed substantially similar scams to those at issue here;

- John McConaha's approaching Sathawane's car during an attempted pick-up while yelling for Sathawane to leave and that he was a scammer; and

- Sathawane's own admission to law enforcement that what he was being paid to do as a courier was suspicious.

Sathawane did testify that he thought he was perhaps involved in some other form of illegal operation (maybe tax evasion), and he argues now that there is insufficient evidence that he knew the conspiracy involved fraud. But the question now is not whether the jury could have believed Sathawane's testimony that he thought he was participating in some other type of scheme. The question is whether the evidence was sufficient to allow a reasonable jury to conclude beyond a reasonable doubt that Sathawane knowingly entered a conspiracy to commit fraud and a conspiracy to commit money laundering. It was.

The motion for judgment of acquittal (ECF No. 70) is DENIED.

SO ORDERED on November 12, 2025.

s/ *Allen Winsor*  
Chief United States District Judge