IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.

ATHARVA SATHAWANE
a/k/a "Andy Sathawane"

Case No. 1:25-cr-12-AW

**SENTENCING MEMORANDUM**

Comes now, Defendant, through counsel and files this short sentencing memorandum requesting this Court consider the below case law during sentencing.

18 USCS § 3553 provides factors to be considered when imposing a sentence, which include, at section (6), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Defendant in this case was a minor participant in the criminal activity at issue. Defendant requests a sentence in line with minor participants in criminal activity. For example, in *United States v. Vinson*, 852 F.3d 333, 350 (4th Cir. 2017), Vinson's total offense level was 39 and he had a criminal history category of I. Although the Court found that Vinson was the "hub of the [conspiracy] wheel," had a greater connection to the criminal activity than his co-conspirators, and ordered he pay $18 million in restitution to the victims, *(Id*. at 358), the court imposed an aggregate sentence of 216 months. This sentence suggests Defendant's sentence in this case should fall well below 216 months. In *United States v. Motovich*, No. 21-CR-497(WFK), 2025 U.S. Dist. LEXIS 232004, at *16 (E.D.N.Y. Nov. 19, 2025), Defendant operated an illegal check-cashing business that processed over $25 million dollars and laundered money over several years. The Government argued Defendant was responsible for $28,359,476 in restitution. *Id*. at *27. Defendant had an offense level of 39 and a criminal history category of

I (*Id*. at *22). Although the court found that Defendant had a "pivotal role" in the scheme, the court imposed a sentence of 180 months. *Id*. at *3, *16.

In *United States v. Beetle*, No. 22-12677, 2023 U.S. App. LEXIS 28991, at *3 (11th Cir. Nov. 1, 2023), Defendant was subject to a two-level increase for vulnerable victims, a four-level increase for her **role as a leader in the conspiracy**, and had a total offense level of 39, including a 22-level increase for an "intended loss amount of $58,209,385." *Id*. Nevertheless, the court imposed 60 months' imprisonment. *Id*. at *1. Other sentences in a similar range include those in *United States v. Adigun*, No. 1:11-CR-151, 2020 U.S. Dist. LEXIS 119480, at *3 (M.D. Pa. July 8, 2020) (Defendant's total offense level was 39 and the court varied downward to impose a sentence of 168 months for involvement in "a large-scale fraud scheme (consisting of) serious crimes involving large amounts of money" *Id*. at *10); and *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) (although Defendant was the organizer of a fraudulent scheme and had an offense level of 39 with a criminal history category 1, the court sentenced Defendant to 125 months' imprisonment and payment of restitution in the amount of $7,874,089.21).

**Dated**: January 9, 2025

CERTIFICATE OF SERVICE

I hereby certify that a copy of this filing was emailed to Assistant United States Attorney Adam Hapner.

Respectfully submitted,

**SMITH & EULO LAW FIRM**

By: _____
Alejandra Contreras Caballero, Esq.
Florida Bar No. 1041489
Smith & Eulo Law Firm, PLLC
2720 NW 6th St., Suite 302C
Gainesville, FL 32609
(407) 930-8912